HEIRS OF APONTE ET AL., PLAINTIFFS AND APPELLANTS, *v.* SAMPAYO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in an Action for Damages.

No. 2989.—Decided January 30, 1925.

DAMAGES—NEGLIGENCE.—About 9 o'clock at night the defendant, who was in a separate bed but in the same room with his wife and children, was awakened by the sound of his wife's voice saying that some one was in the room; that some one had touched her bed. The wife had also summoned the housekeeper although the husband denies having heard this. The housekeeper at once responded to the call of the wife, and the husband, without a word of warning or of inquiry, fired four shots from a pistol at what he saw more or less indistinctly outlined in the semi-darkness of the bedroom, killing the housekeeper. The husband having been sued for damages by the husband and daughter of the housekeeper, it was *Held:* That in the absence of a satisfactory explanation of the reason he had for fearing danger to himself or a showing that he had some reason to believe that the person at whom he fired was not a member of his household, it must be concluded that the killing was the result of design rather than accident, for which reason the defendant is liable for the neglect charged.

The facts are stated in the opinion.

*Mr. F. Cervoni* for the appellants.

*Mr. L. Pereyó Quiñones* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Zenén Aponte was employed as housekeeper in the home of defendant and with her daughter Margarita slept in a room adjoining that occupied by defendant together with his wife and children. Husband and wife were in separate beds. About 9 o'clock at night defendant was awakened by the sound of his wife's voice saying that some one was in the room, that some one had touched her bed. The wife had also summoned the housekeeper although the husband denies having heard this. The housekeeper at once responded to the call of the wife; and the husband, without a word of warning or of inquiry, fired four shots from a pistol at what he saw more or less indistinctly outlined in the semi-darkness of the bedroom. Three of the bullets found their mark, and the present action is brought by the surviving husband and the daughter of the deceased, Zenén Aponte, for damages arising out of her death alleged to have been caused by the wrongful or negligent act of defendant.

The court below, after a trial on the merits, rendered judgment for defendant, apparently upon the theory of an unfortunate accident and the absence of any duty, on the part of defendant, owing to the housekeeper. The trial judge also intimates that defendant acted in self-defense in the face of an apparently great and imminent danger to himself.

Defendant admitted on the stand that he had no money or valuables in the room; and curiously enough there is not a word in his testimony in the way of a direct statement as to what was in his mind at the moment, or as to the motive that prompted his action, or with reference to the hypothesis upon which he opened fire. He not only failed to state any ground for apprehension of danger; he does not even say that he believed himself to be in danger.

While there is nothing to indicate that defendant recognized his housekeeper, or even suspected that she was the target, it is equally clear that his purpose was to kill and

that death was the result of design rather than accident, notwithstanding the failure to identify the victim before the event. It would also seem too plain for argument that the statement made by the wounded woman to the district attorney to the effect that defendant was not to blame, upon which some stress was laid by the trial judge, is by no means conclusive upon that point.

Nevertheless the theory of counsel for plaintiffs seems to concede that the gist of the action lies in the failure to observe a proper degree of care and caution in the performance of what, but for such omission, would have been a lawful act. Nor would we be disposed to require any extended investigation or inquiry, or the taking of unusual precautions to avoid any possible mistake as to identity in cases of this kind.

On the other hand the fact that the housekeeper and her daughter occupied an adjoining room, the fact that the wife of defendant called upon the housekeeper as well as upon the defendant and the fact that the housekeeper responded immediately to the call bear eloquent testimony to the character of the relations that existed between the family of defendant and Zenén Aponte. In the circumstances, we are constrained to hold that plaintiffs succeeded in establishing a *prima facie* case that demanded something more in the way of defense than the bare statement that defendant was awakened by the cry of a frightened woman, who, while herself half asleep, had imagined that some one was in the room; and that upon being so awakened defendant perceived that some one was in the room,—some one who might have been, for aught that appears from the record, the wife herself or any one of the children.

Conceding without holding that the killing of a trespasser at night in the bedchamber of the slayer is justifiable homicide, yet, in the circumstances of this particular case, the burden was cast upon defendant, if he had any reasonable ground to believe that the person at whom he

fired was not a member of his own family or household, to state the reason for such belief.

It may be true that a word or two from defendant along these lines would have sufficed to sustain the judgment, which even as it stands we have hesitated to reverse; but some such showing, however slight, was demanded by the situation developed at the trial; and, in the absence thereof, we are unable to concur in the view of the trial judge that defendant owed no duty and was not guilty of any negligence. To hold otherwise would be to relieve every timorous and excitable as well as every impulsive and reckless man from all duty and responsibility, not only to members of his household but even to members of his own family occupying with him the same bedroom.

The judgment appealed from must be reversed, and in lieu thereof the judgment of this court will be entered in favor of plaintiffs and against defendant, awarding to the surviving husband the sum of $1,000 and to the daughter $2,500 as damages, each party to bear his own costs.

*Reversed.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.

Mr. Justice Franco Soto dissented.